BARFIELD, J.
This is an appeal and cross-appeal of a final judgment in an action for damages for impairment of a hospital lien under *39 chapter 88-589, Laws of Florida (“Alachua County Hospital Lien Law”). Mercury Insurance Company of Florida (Mercury) asserts, inter alia, that chapter 88-539, as well as the Alachua County ordinance enacted pursuant to that law, violates article III, section 11(a)(9), of the Florida Constitution. We agree and reverse the final judgment.
Essentially, the challenged statute entitles any “charitable hospital” located in Alachua County to a lien “for all reasonable charges for hospital care, treatment, and maintenance of ill or injured persons” upon “all causes of action, suits, claims, counterclaims, and demands accruing to such persons” and upon “all judgments, settlements, and settlement agreements rendered or entered into by virtue thereof,” arising from the illness or the injuries necessitating the hospital care, except for workers’ compensation injuries. It provides that no release or satisfaction of such a cause of action shall be valid as against the lien “unless such lienholder shall join therein or execute a release of such lien,” and that any acceptance of such a release or satisfaction “shall prima facie constitute an impairment of such lien,” entitling the lienholder hospital to an action at law to recover “the reasonable cost of such hospital care, treatment, and maintenance.” It further provides: “If the lienholder shall prevail in such action, the lienholder shall be entitled to recover from the defendant, in addition to costs otherwise allowed by law, all reasonable attorney’s fees and expenses incident to the matter.” The hospital lien at issue attached to assets of a patient hospitalized at Shands, including the patient’s cause of action against the tortfeasor, Mercury’s insured, who injured the patient in a vehicle accident, thereby necessitating the patient’s hospitalization.
Article III, section 11(a)(9), of the Florida Constitution provides that “[tjhere shall be no special law or general law of local application pertaining to ... creation, enforcement, extension or impairment of liens based on private contracts, or fixing of interest rates on private contracts.” We find that chapter 88-539 is a special law which creates a lien based on a private contract between Shands and its patient, in violation of article III, section 11(a)(9), of the Florida Constitution.
The Florida Hospital Association, writing as amicus curiae, argues that Shands’ hospital lien is not based on a private contract, but stems from a public pact with the hospital, which is required by federal law to provide emergency service. We find that the lien does not attach to the public’s assets, but rather to the assets of the patient whose contract with the hospital is a private one, and therefore reject the argument of amicus.
While there may be a noble purpose in the Florida Legislature’s allowing this hospital lien, doing so by means of a special law is not legal. If the legislature wishes to grant such lien rights, it should do so by general law which is applicable to all hospitals, not just to a select few.
The judgment is REVERSED and the case is REMANDED to the trial court with directions to enter judgment in favor of Mercury Insurance Company of Florida, and to consider Mercury’s claim for attorney fees pursuant to its proposal for settlement. We find no merit to the other issues raised on appeal and cross-appeal.
THOMAS, J., concurs and CLARK, J., concurs with written opinion.